*159 Opinion of the Court by
Chief Justice Bibb.
Hamilton Wilson sued a writ of waste against Elizabeth Wilson. On the trial, he gave in evidence the last will and testament of his deceased father George Wilson, containing amongst others, these devises:
“I give and bequeath to my beloved wife, Elizabeth Wilson, due third part of the tract of land on *160 which I now live, to include all the buildings, during her natural life.”
Partition.
Evidence of the waste, held prima facia to prove it.
Instructions of the court
Son sues his father’s widow:
“I give and bequeath to my son Hamilton Wilson, the tract of land whereon I now live, excluding my wife’s part above named.”
He gave in evidence a partition made by commissioners, and assented to between him and said Elizabeth, by an article of agreement, by which, for mutual accommodation, the division was so made and voluntarily assented to by her, as to avoid a part of the land including an occupied cabin which she had a right to under the will.
He gave evidence of certain acts of clearing and fencing land, converting a small portion of woodland into arable land, fencing some woods for pasture, and cutting timber used for fencing on the land; which acts, appear, prima facie, to be waste, according to the doctrine of waste in England.
Upon the testimony adduced by the plaintiff, the judge, upon motion of the defendant, instructed the jury to find against the plaintiff as in case of a non suit, because the land devised by the will of George Wilson, to his wife for life, did not pass, in remainder to the plaintiff Hamilton Wilson the son, after the determination of the life estate.
This opinion of the court upon the construction of the will is brought before this court for revision.
It is much to be regretted that the son, claiming under the bounty of the testator, should exhibit himself in the face of society, as a litigant in a case, which, to make the best of it, exposes him to the suspicion of having suffered some sordid motive to get the upper hand of his duty and the social affections. Like unto Shylock, in the drama, he demands his bond; he will have his pound of flesh? and asks the court for judgment. We must do our duty, and leave it to the good sense of the country to take care, that in cutting his pound of flesh, he shall not shed the blood of the innocent.
Devise thus—I give to my wife one third the tract of land whereon I now live for her life—I give to my son H, the tract of land on which I now live excluding my wife’s part above named, passes to the son the remainder in the wife’s part.
If the inheritable estate remaining, after the determination of the life estate to the wife, does not pass by the devise to Hamilton Wilson, there is no clause in the will which can reach the remainder. As to that, the testator will, by that construction, have died intestate, and Hamilton Wilson with the other children will have taken by inheritance. The words “I give to my son Hamilton Wilson” passes the fee simple by our statute; “the tract of land on which I now live,” are words commensurate with every acre of the tract, embracing in description the whole, as well as the third part devised before to the wife, as the two thirds before undevised; the words “excluding my wife’s part before named,” refer to the life estate given to her, not to the undivided acres of land. By excluding the wife’s part the testator meant no more than to preserve a consistency between the first devise to the wife and the latter devise to the son. But for this reference to the former devise, an apparent inconsistency would have appeared, and the old question about two positive inconsistent devises, (upon which the common lawyers and the civilians differed,) would have arisen, to he settled by construction. That construction would have ended in giving to the wife a life estate in one third, and the fee simple to the son in the whole, subject to the life estate: and that is what the testator meant by his words of exclusion. He has done no more than to exclude the jargon of the common law schools upon the subject of inconsistent devises. We have examined the will throughout, and are satisfied that by the proper construction of the will, and the true intent of the testator, the whole tract passes by the devise to Hamilton Wilson, subject to the life estate of the wife.
It is, therefore, considered by this court, that the judgment of the circuit court is erroneous in deciding that the devise to Hamilton Wilson did not carry with it the remainder in fee simple, in the one third devised to Elizabeth Wilson for life, after the determination of her life estate: that the judgment of the circuit court be reversed, and the cause re *162 manded, for a venire facias de novo, winch is ordered to be certified &c.
Talbot, for plaintiff; Crittenden, for defendant.
Plaintiff to have his costs in this court.